IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,        :

    Plaintiff,        :

                      Case No. 3:09cr109

    vs.        :

                      JUDGE WALTER HERBERT RICE

PIERRE COLQUITT,        :

    Defendant.        :

---

DECISION AND ENTRY OVERRULING IN PART AND OVERRULING, AS
MOOT, IN PART DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
AND REQUEST FOR <u>FRANKS</u> HEARING (DOC. #26)

---

On May 29, 2009, Detective Keri Frasco ("Frasco") of the Springfield Police Department, assigned to its narcotics unit, executed affidavits with which she was able to obtain search warrants for 826 West Pleasant Street, Springfield, Ohio ("826 West Pleasant"), and 321 West Jefferson Street, Springfield, Ohio ("321 West Jefferson"), from Judge Richard J. O'Neill of the Clark County Common Pleas Court. Based on the evidence seized when those search warrants were executed and other evidence obtained during the investigation conducted by Frasco and other officers, the Government has charged Defendant Pierre Colquitt ("Defendant" or "Colquitt") in the First Superseding Indictment (Doc. #19) with five separate offenses, to wit: 1) conspiring to distribute and to possess with intent

to distribute more than 100 grams of heroin (Count One); 2) possessing a firearm in furtherance of a drug trafficking crime (Count Two); 3) possessing a firearm by a convicted felon (Count Three); and 4) two charges of distributing heroin within 1000 feet of a school (Counts Four and Five). The Defendant has filed a motion requesting that this Court suppress the evidence obtained when those search warrants were executed and that the Court afford him a hearing in accordance with Franks v. Delaware, 438 U.S. 154 (1978). See Doc. #26. On February 16, 2010, this Court conducted an oral and evidentiary hearing on the Defendant's Motion to Suppress Evidence and for a Franks Hearing (Doc. #26). The Court now rules on same.[1]

In his post-hearing memorandum, Colquitt argues that this Court must suppress the evidence seized when the search warrants were executed at 826 West Pleasant and 321 West Jefferson, because falsehoods, which were made intentionally or with a reckless disregard for the truth, are contained in Frasco's affidavits and, when the false statements are set to one side, sufficient content does not remain therein to support the existence of probable cause to search either location. The Franks Court summarized its holding in the following manner:

> In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They

---

[1]During the oral and evidentiary hearing conducted on February 16, 2010, Frasco testified about the false statements in her affidavits. Therefore, since the Defendant has been afforded a Franks hearing, the Court overrules, as moot, the branch of the Defendant's motion with which he seeks such a hearing.

should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

438 U.S. at 171-72 (footnote omitted). See also United States v. Mastromatteo, 538 F.3d 535, 545-46 (6th Cir. 2008). In United States v. Keszthelyi, 308 F.3d 557 (6th Cir. 2002), the Sixth Circuit explained:

> In Franks, the Supreme Court held that a search warrant "must be voided" if, after a hearing, the defendant establishes by a preponderance of the evidence (1) that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) that "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." Franks, 438 U.S. at 155-56.

Id. at 566.

Herein, it is not questioned that the affidavit Frasco executed to obtain the search warrant for 826 West Pleasant contained two falsehoods, while that executed for 321 West Jefferson contained one such.

First, the emphasized language contained in the first full paragraph on page three (unnumbered) of Frasco's affidavit, with which she was able to secure the search warrant for 826 West Pleasant, is false in the following underlined particulars:

>    Then on April 22, 2009[,] the Springfield Police Division Narcotics Unit with the assistance of a Confidential Informant was able to purchase heroin from Pierre Colquitt. The Confidential Informant made a recorded phone call to Colquitt at 937-450-3801[,] <u>who told the Confidential Informant to meet him at 826 West Pleasant Street. The CI was seen going inside the residence at 826 West Pleasant Street and proceeded to meet with Colquitt and purchase heroin, between 1 and 5 grams. This occurred within 1000 feet of a school.</u> The [C]onfidential [I]nformant <u>then left the residence</u> and met with Det. Keri Frasco again and gave her the purchased heroin and the recording device. The heroin was submitted to the Springfield Crime [L]ab and tested positive for heroin.

Govt. Ex. 2.1 at 3 (unnumbered). While the Confidential Informant ("CI") did purchase heroin from Colquitt on April 22, 2009, in actuality, that transaction occurred in a vehicle, which the Defendant had driven to the CI's residence. After Colquitt had picked up the CI, they drove around the corner from the latter's residence and carried out the transaction. The CI most decidedly did not purchase heroin from Colquitt at 826 West Pleasant on April 22, 2009. Therefore, this Court turns to the questions of whether the false statements contained in that paragraph were made intentionally or with a reckless disregard for the truth and, if so, and with the false statements set to one side, whether the remaining contents of that affidavit establish probable cause to search that residence.

This Court is unable to find that Frasco acted intentionally or with a reckless disregard for the truth when she included the offensive language, quoted above, in her affidavit concerning 826 West Pleasant. In <u>United States v. Kunen</u>, 323 F. Supp.2d 390 (E.D.N.Y. 2004), the court discussed the manner in which most Federal Courts of Appeals, including the Sixth Circuit, have defined recklessness, as used by the Supreme Court in <u>Franks</u>:[2]

---

[2]The <u>Franks</u> Court did not define that term.

> The Eighth Circuit has explained "that the test for determining whether an affiant's statements were made with reckless disregard for the truth [is] … whether, viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his (or her) statements or had obvious reasons to doubt the accuracy of the information he (or she) reported." United States v. Schmitz, 181 F.3d 981, 986-87 (8th Cir. 1999).
>
> "[M]ost Circuits [that have had occasion to address the issue] have adopted a subjective test for recklessness similar to that used in first Amendment libel cases." United States v. Cican, 63 Fed. Appx. 832, 835 (6th Cir. [2003]). Under that standard the question is not what a reasonably prudent person would have appreciated given the attendant circumstances but rather whether the [affiant] "in fact entertained serious doubts as to the truth" of the subject statements. Id.; see United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) ("to prove reckless disregard for the truth, the defendant must prove that the affiant 'in fact entertained serious doubts as to the truth' of the allegations," quoting United States v. Williams, 737 F.2d 594 602 (7th Cir. 1984)); United States v. Davis, 617 F.2d 677, 694 (D.C. Cir. 1979). Although the commonly used standard is subjective, "[r]ecklessness may be inferred from circumstances evincing obvious reasons to doubt the veracity of the allegations." United States v. Ranney, 298 F.3d at 78 (internal quotation marks and citation omitted).

Id. at 395. See also United States v. Laich, 2010 WL 259041 (E.D.Mich. 2010) (discussing the holding of the Sixth Circuit in United States v. Cican, 63 Fed. Appx. 832 (6th Cir. 2003)).

Frasco testified that she believed that the first full paragraph on unnumbered page three of her affidavit for 826 West Pleasant appeared in the manner it does (i.e., with falsehoods set forth therein), as a result of her copying and pasting, and, then, failing to proofread the affidavit closely enough to realize that she had made a mistake.[3] This Court credits Frasco's testimony in that regard. An examination of the entirety of that affidavit reveals that it contains one paragraph, the first full paragraph on unnumbered page two, that, with the exception of the date of the transaction, is virtually identical to the first paragraph on unnumbered page three.

---

[3]That affidavit was Government Ex. 2.1 during the oral and evidentiary hearing.

In addition, the last six sentences of the paragraph beginning on the first unnumbered page of the affidavit and continuing onto its second such page are also virtually identical to the first paragraph on unnumbered page three. Therefore, Frasco's affidavit contained other provisions which could have been copied and pasted. While Frasco's failure to proofread her affidavit with sufficient care to recognize her error constituted negligence, the <u>Franks</u> Court stressed that negligence is insufficient. In addition, there would have been little reason for her to intentionally and with a reckless disregard for the truth misrepresent that the April 22nd transaction took place inside the residence at 826 West Pleasant, as opposed to occurring in a vehicle, parked around the corner from the CI's residence, given that the affidavit identifies four other transactions involving the purchase of heroin by the CI, inside that residence.[4] One of those transactions occurred two days before Frasco obtained the search warrant.[5]

Moreover, even if this Court had found that the Defendant had established, by the preponderance of the evidence, that Frasco intentionally or with a reckless disregard for the truth included the falsehoods contained in the first full paragraph on unnumbered page three, it would deny the Defendant's request to suppress the evidence seized from 826 West Pleasant. With the false statements contained in

---

[4]Two of the CI's four purchases of heroin inside 826 West Pleasant were from Latonya Bibbs, who resided at that address, while the other two were from the Defendant.

[5]In support of his assertion that this falsehood was intentional or made with a reckless disregard for the truth, the Defendant relies upon <u>Cican</u>, <u>supra</u>. Therein, the Sixth Circuit held that, under the facts and circumstances of that case, the District Court's finding that the falsehood in an affidavit for a search warrant had been made with a reckless disregard for the truth was not clearly erroneous. Since <u>Cican</u> involved facts and circumstances which are distinct from those which underlie this prosecution, that decision is distinguishable.

that paragraph set to one side, the remaining content of the affidavit is sufficient to establish probable cause to believe that evidence of heroin distribution would be found therein.[6] The Court begins by reviewing the standards which are applicable to the determination of whether probable cause exists.

In United States v. Smith, 182 F.3d 473 (6th Cir. 1999), the Sixth Circuit restated certain fundamental principles that a court must apply when a defendant argues that evidence, seized upon the execution of a search warrant, must be suppressed, because the supporting affidavit did not establish the existence of probable cause:

> The Fourth Amendment, which states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation," U.S. CONST. amend. IV, requires that probable cause be determined "by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out federal crime." Johnson v. United States, 333 U.S. 10, 14 (1948). In order for a magistrate to be able to perform his official function, the affidavit must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant. Whiteley v. Warden, 401 U.S. 560, 564 (1971). Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990). It requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 244 n. 13 (1983). A warrant must be upheld as long as the magistrate had a "substantial basis for … conclud[ing] that a search would uncover evidence of wrongdoing…." Id. at 236. See also United States v. Finch, 998 F.2d 349, 352 (6th Cir. 1993).

---

[6]In engaging in that analysis, this Court has not relied on the false statement in Frasco's affidavit that Colquitt had been convicted of a drug trafficking offense in July, 1998 (the other alleged falsehood), or, for that matter, the truthful statement that he had been convicted of a second degree felony relating to drug abuse the following year.

Id. at 476-77. In Illinois v. Gates, 462 U.S. 213, 230 (1983), the Supreme Court stressed that the existence of probable cause must be determined from the totality of the circumstances. In Smith, the Sixth Circuit elaborated upon Gates:

> As the Supreme Court indicated in Gates, although "veracity," "reliability," and "basis of knowledge" are highly relevant in assessing the value of an informant's tip, these elements should not be understood as "entirely separate and independent requirements to be rigidly exacted in every case." 462 U.S. at 230. Instead, they should be understood as "closely intertwined issues that may usefully illuminate the commonsense, practical question" of whether an informant's tip establishes probable cause. Id. Therefore, under a "totality of the circumstances" approach, a deficiency in one of these areas "may be compensated for, in determining the overall reliability of [an informant's] tip, by a strong showing as to the other, or by some other indicia of reliability." Id. at 233. The Court in Gates concluded that "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for … conclud[ing]' that probable cause existed." Id. at 238-39. The court must ensure that the magistrate was informed of some of the underlying circumstances from which the informant concluded evidence of a crime is where he claimed it would be found, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was reliable. Aguilar [v. Texas, 378 U.S. 108, 114 (1964)].

182 F.3d at 477-78. See also Gates, 462 U.S. at 238 (noting that "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place"). See also, United States v. Laughton, 409 F.3d 744, 747 (6th Cir. 2005). When determining whether Frasco's affidavit established the existence of probable cause, this Court must examine the totality of those circumstances in a "realistic and commonsense fashion." United States v. Van Shutters, 163 F.3d 331, 336 (6th Cir. 1998), cert. denied, 526 U.S. 1077 (1999).

Frasco's affidavit concerning 826 West Pleasant indicated that Colquitt and Latonya Bibbs ("Bibbs") lived at that address. In that document, Frasco identified three instances in which the Defendant sold heroin to the CI. Two of those transactions, those occurring on March 19, 2009, and April 1, 2009, took place inside 826 West Pleasant. The third transaction, that described in the first full paragraph of unnumbered third page of Frasco's affidavit, did not take place in that residence. In addition, the affidavit describes two instances during which Bibbs sold heroin to the CI, the second of which occurred inside 826 West Pleasant two days before Frasco obtained the search warrant for that residence.[7] The affidavit also described a transaction during which the CI purchased heroin from another, unnamed, individual. However, immediately before that person met with the CI, the individual went to 826 West Pleasant to, as Frasco described it, "re-up," which this Court interprets in a commonsense manner as meaning that the individual went to that residence to obtain more heroin.

Simply stated, that four transactions involving the sale of heroin occurred inside the residence at 826 West Pleasant within two and one-half months of the issuance of the search warrant for that residence, the last of which transactions happened only two days before Judge O'Neill issued the search warrant; that, on another occasion, police conducting surveillance on an individual observed the unnamed individual return to 826 West Pleasant to restock his supply of heroin before selling some to the CI; and that each of those identified residing therein, on separate occasions, sold heroin to the CI, established "reasonable grounds for

---

[7]The other transaction did not occur inside that residence.

belief, supported by less than prima facie proof but more than mere suspicion," that evidence of the distribution of heroin would be found at that location.

Nevertheless, the Defendant argues that the last transaction tying him to 826 West Pleasant, without the April 22nd transaction falsely alleged to have occurred therein, took place on April 1, 2009, nearly two months before the search warrant for that residence was issued and that, as a consequence, that affidavit is based upon stale information. See Doc. #31 at 12. This Court is unable to agree. On the contrary, Frasco describes therein a transaction occurring a mere two days before the search warrant was issued, whereby the CI purchased heroin from Bibbs, who, like the Defendant, resided at 826 West Pleasant. The Sixth Circuit has explained that, "'[w]here recent information corroborates otherwise stale information, probable cause may be found.'" United States v. Spikes, 158 F.3d 913, (6th Cir. 1998) (quoting United States v. Henson, 848 F.2d 1374, 1381-82 (6th Cir. 1988)). Moreover, the Sixth Circuit has recognized that the mere passage of time is less important in search warrants involving offenses related to the distribution of controlled substances. Thus, in United States v. Word, 806 F.2d 658 (6th Cir. 1986), the Sixth Circuit held that information in an affidavit referring to a doctor's sale of drugs over four months earlier was not stale, because of evidence that the crime was "of a continuing nature." Id. at 662. Accordingly, this Court rejects the Defendant's assertion that the information in Frasco's affidavit, once the falsehood is excluded, is too stale to support the finding of probable cause to search the residence at 826 West Pleasant.[8]

---

[8]In support of that argument, the Defendant relies on United States v. Payne, 181 F.3d 781 (6th Cir. 1999). Therein, the Sixth Circuit held that the tip from an informant, about whom the record failed to disclose anything, that the defendant

Second, both affidavits falsely state that Colquitt had been previously convicted of trafficking in drugs in July, 1998. See Govt. Ex. 1.1 at 4 (unnumbered); Govt. Ex. 2.1 at 4 (unnumbered). Although the Defendant was charged in Logan County, Ohio, with committing such an offense in July, 1998, that charge was dismissed. This Court need not decide whether Frasco, intentionally or with a reckless disregard for the truth, included the statement in her affidavits that Colquitt had previously been convicted of a drug trafficking offense in July, 1998. Rather, this Court concludes that, setting that statement to one side, the remaining content of the affidavits is sufficient to establish probable cause to search 826 West Pleasant and 321 West Jefferson.

Based on the above reasoning (supra at 8-10), the Court concludes that the remaining content in Frasco's affidavit for the search warrant at 826 West Pleasant is sufficient to establish probable cause to believe that evidence of heroin distribution would be found at that residence.

---

had a large quantity of methamphetamine in the trunk of his car a month and one-half earlier, was not sufficient to establish reasonable suspicion to justify state parole officers to search defendant's automobile and the trailer in which his estranged wife and children resided. After concluding that the tip had been unreliable, the Sixth Circuit noted that "[e]ven if the tip had been somewhat reliable at the time Smith received it, it was stale by the time of the search. Drugs are not the types of objects that are likely to be kept, and, contrary to [a law enforcement official's] impression, the tip contained no indication of ongoing activity." Id. at 790. Herein, in contrast, the CI proved to be reliable. For instance, he/she had told officers that Colquitt was involved in the distribution of heroin and then participated in three controlled purchases of that controlled substance. In addition, there is evidence of ongoing drug distribution by Defendant. Therefore, Payne is distinguishable.

In her affidavit for 321 West Jefferson, Frasco states that a Confidential Informant ("CI") informed her that Colquitt's grandmother lives at that location.[9] The CI also told Frasco that he had seen the Defendant on several occasions at that residence with large sums of money. In addition, Frasco reports that the CI told her that, on May 22, 2009, he accompanied the Defendant, while the latter stopped at 321 West Jefferson, in order to get more of the drugs that he had stored there. Therein, Frasco also linked that location to Colquitt, by stating that, in January, 2009, he identified 321 West Jefferson as his residence when he renewed his driver's license, purchased an automobile and was arrested for assault. Frasco also states in that affidavit that the CI has proved to be reliable and that information furnished by him has been corroborated. Indeed, information provided by the CI concerning Defendant's activity distributing drugs has been corroborated by the three controlled purchases of heroin from Colquitt by the CI, which are referred to in her affidavit.

Applying the totality of the circumstances test adopted by the Supreme Court in <u>Gates</u>, this Court concludes that the information set forth in Frasco's affidavit established probable cause to believe that evidence of Colquitt's alleged drug dealing activities would be found in 321 West Jefferson. A CI told officers that he had seen Colquitt at that location on a number of occasions with large sums of money and that, a week before the search warrant was issued, he had accompanied the Defendant to that location, so that Colquitt could get some of the

---

[9]It is apparent that the CI referred to by Frasco in her affidavit concerning 321 West Jefferson is the same CI she has referred to in her affidavit about 826 West Pleasant. For instance, in the former affidavit, Frasco states that the CI was involved in three controlled purchases of heroin from Colquitt. In the latter affidavit, Frasco described those purchases.

drugs he stored there. Moreover, Frasco reports that the CI is reliable in that information he has provided to them has been corroborated. The CI's reliability with regard to the information he had provided officers about Defendant's drug dealing and the corroboration of that information is demonstrated by the three controlled purchases of heroin the CI made from Colquitt.

Accordingly, the Court concludes that, setting the false statement that Defendant had been convicted of an offense relating to the distribution of drugs in July, 1998, to one side, the remaining content of Frasco's affidavit for 321 West Jefferson is sufficient to establish probable cause to search that location.

Based on the foregoing, the Court overrules in part and overrules, as moot, in part Defendant's Motion to Suppress Evidence and for a <u>Franks</u> Hearing (Doc. #26).

April 27, 2010

                                            /s/ Walter Herbert Rice
                                            WALTER HERBERT RICE, JUDGE
                                            UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.