# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,  :  Case No. 3:09-cr-109

             District Judge Walter Herbert Rice
- vs -          Magistrate Judge Michael R. Merz

PIERRE COLQUITT,

      Defendant.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

  This action pursuant to 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 137) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Motion to Vacate (the "Report," ECF No. 133).  Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 138).

  Defendant pleads the following claims:

> **Claim I:  Malicious prosecution**.  The prosecutor Chris Kinsler falsified evidence and charges to the government to get them to adobt [sic] this case.
>
> **Supporting Facts:**  The search warrant is missing certain information along with the blantant [sic] falsehoods.  The phone number missing out of the search warrant did not work and this was definitely done to get around certain suppression issues.
>
> **Claim II:  Prosecutorial Misconduct**

1

>
> **Supporting Facts:** The government on two occasions switched the phone number. First at my suppression hearing on February 16, 2010. Second time was July 19, 2010, the government switched the number in my trial folder.
>
> **Claim III: 4th Amendment Violation**
>
> **Supporting Facts:** The search warrant has several falsehoods starting with the April 22, 2009, buy; the May 27, 2009, buy; [and] my criminal history.
>
> **Claim IV: 5th and 6th Constitutional Rights were violated.**
>
> **Supporting Facts:** My due process was violated at my suppression hearing when the government switched the phone number. My lawyer Cheryll Bennett was ineffective because she stood there idle and allowed this to happen without any type of resistance. Derek Farmer did the same thing when the government switched the phone number in the trial folder.

(Motion, ECF No. 131.)

# ANALYSIS

**Claim I:  Prosecutorial Misconduct**

Mr. Colquitt's first claim is that Clark County Assistant Prosecutor, Chris Kinsler, was engaged in some sort of vendetta against him that resulted in these charges being brought (See ECF No. 131-1, PageID 1491).

The Report recommended dismissing this claim because it does not state a claim for relief under the United States Constitution, noting

2

> The record of the case establishes that the United States Attorney's office is the government agency that brought this case to the grand jury and that entity found there was probable cause to indict. The motivation of persons who brought the relevant facts to the attention of the United States Attorney is irrelevant.

(Report, ECF No. 133, PageID 1498.)

The Objections explain that no constitutional violation was mentioned in the Motion to Vacate because it is well known that a Fourth Amendment violation must be established to prevail on a malicious prosecution claim and "I seen [sic] no need to state the obvious." (ECF No. 137, PageID 1512.) The Objections then spend many pages attempting to show Mr. Kinsler's prosecutorial efforts against Mr. Colquitt in this case and in a prior case in 2008 which involved a shooting into a dwelling (ECF No. 137, PageID 1512-21).

A Motion to Vacate under 28 U.S.C. § 2255 is the substitute for federal criminal defendants for a petition for writ of habeas corpus. Relief under 28 U.S.C. § 2255 is available if, but only if, a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).

Mr. Colquitt is correct that a prosecutor may be sued **in a civil suit[1]** for malicious prosecution if he takes actions that violate the United States Constitution. But this is not a civil suit. This is an action to overturn a conviction in a criminal case where the motives of the persons who bring the case to the attention of the prosecuting authorities – in this case the United States Attorney – do not matter.

---

[1] Such a civil suit could only be brought after the underlying criminal conviction was reversed, which has not happened here.

3

**Claim II:  Prosecutorial Misconduct**

In his Second Ground for Relief Colquitt claims the Government committed misconduct by "switching" the telephone number at the suppression hearing and again at trial.  He does not explain what he means by "switching."  The Report recommended dismissing this claim because it had already been carefully considered by Judge Rice and therefore was available to be raised on appeal, but was not raised.  The claim is therefore procedurally defaulted.  *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

The Objections reargue the suppression motion at length (ECF No. 137, PageID 1521-26).  He acknowledges the procedural default point, but argues it can be overcome by ineffective assistance of counsel. *Id.* at PageID 1525.  While that is true, Mr. Colquitt makes no argument or showing that failure to raise this claim on direct appeal was somehow ineffective assistance of appellate counsel.

**Claim III:  Fourth Amendment Violation**

In his Third Claim, Colquitt asserts his Fourth Amendment rights were violated on the basis of false statements made in the affidavit in support of the search warrant in this case.

The Report noted this issue was thoroughly considered by Judge Rice and his decision not to suppress the evidence was affirmed by the Sixth Circuit.  *United States v. Colquitt, supra.* Thus this issue is barred from reconsideration in a § 2255 Motion by the doctrine of res judicata (Report, ECF No. 133, PageID 1499).   The Report also noted consideration of Fourth

4

Amendment claims in a collateral attack on the judgment was barred by the doctrine of *Stone v. Powell,* 428 U.S. 465 (1976), which is applicable in § 2255 proceedings. *Ray v. United States,* 721 F.3d 758 (6th Cir. 2013). *Id.*

Colquitt objects to the application of res judicata*,* but his objection is completely conclusory: he does not state why he thinks res judicata does not apply (Objections, ECF No. 137, PageID 1526). Then he asserts that *Stone v. Powell*, does not apply to claims of ineffective assistance of trial counsel, citing *Kimmelman v. Morrison*, 477 U.S. 365 (1981). That is indeed the holding of *Kimmelman*, but Mr. Colquitt's Third Claim is not an ineffective assistance of trial counsel claim but a Fourth Amendment claim.

Colquitt asserts none of his lawyers "presented all the facts as I have in my objections in claim 1." (Objections, ECF No. 137, PageID 1527.) Assuming that is true, it is a long way from proving that it was ineffective assistance of trial counsel to fail to present all those facts. To establish ineffective assistance of trial counsel, a petitioner must show that the attorney's performance was deficient under prevailing professional norms at the time and that the result of that deficient performance prejudiced him or her. *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of trial counsel based on failure to present "all the facts" asserted by a § 2255 petitioner, the petitioner would have to show that there was available admissible evidence of those facts at the time of the suppression hearing, that presenting those facts would have changed the result, and that counsel had no good professional reason for failing to present those facts. Colquitt has not made that case.

**Claim IV. Fifth and Sixth Amendment Rights Violated**

In his Fourth Claim for Relief, Colquitt asserts his due process rights were violated when the Government "switched" the phone numbers and his Sixth Amendment right to effective representation of counsel was violated when neither Cheryll Bennett (at the suppression hearing) nor Derek Farmer (during trial) did anything about it.

The Report quoted at length Judge Rice's decision on the Fifth Amendment portion of this Claim (ECF No. 133, PageID 1500-01, quoting Decision and Entry, ECF No. 95, PageID 410-11). Reconsideration in a § 2255 proceeding is therefore barred by res judicata because the issue could have been presented to the Court of Appeals. All Mr. Colquitt has to say to this point in his Objections is that he has dealt with this issue under Claim II (ECF No. 137, PageID 1527).

Claim IV also raises a Sixth Amendment ineffective assistance of trial counsel claim. The Report quoted the governing standard for ineffective assistance of counsel from *Strickland v. Washington*, *supra*, and concluded

> The prejudice prong of *Strickland* is inferentially disposed of by Judge Rice's ruling just quoted. If the evidence was not material under *Brady,* failure to object cannot have been ineffective assistance of trial counsel because no prejudice occurred. Moreover, Ms. Bennett could not appropriately have objected at the suppression hearing because the May 27, 2009, conversation did not form a basis for the search warrant.

(ECF No. 133, PageID 1503.)

Colquitt separates his Objections on this claim between those involving his first attorney, Cheryll Bennett, and the attorney who tried the case, Derek Farmer. As to Ms. Bennett, he asserts:

> Ms. Bennett's suppression strategy was anything but sound. I told her from day one that I did not sale [sic] no drugs to the C.I. on April 22, 2009. I also told her that Ms. Bibbs' phone did not work and Ms. Bibbs couldn't have sold the CI drugs on May 27, 2009, because her phone was disconnected on May 25, 2009. Ms. Bibbs provided me with the phone records to prove it.

(Objections, ECF No. 137, PageID 1527.)

The suppression motion filed by Ms. Bennett alleged a violation of *Franks v. Delaware*, 438 U.S. 154 (1978), in that there were asserted to be deliberate falsehoods in the search warrants supporting seizure of evidence to be used against Mr. Colquitt from two different locations (Motion, ECF No. 26, PageID 62-63).

> Specifically, the affidavit references an April 22, 2009 purchase of heroin from Mr. Colquitt which in fact, did not occur, and falsely represented that Mr. Colquitt was convicted of Trafficking in Drugs in July, 1998. Likewise, the affidavit issued for 321 West Jefferson falsely references this conviction and falsely represents that a CI made three controlled heroin purchases from Mr. Colquitt.
>
> A review of Mr. Colquitt's criminal history reveals no convictions for Trafficking in Drugs, and a review of the discovery provided to date fails to reveal evidence of a controlled buy from Mr. Colquitt on April 22, 2009 as the affidavit states.

*Id.*

Having examined Judge Rice's decision denying the Motion to Suppress (ECF No. 36), the Magistrate Judge is completely unpersuaded that the additional facts relied on by Colquitt,

7

assuming they could have been proved, would have persuaded Judge Rice that there was not probable cause for the search.

As to trial counsel Mr. Farmer, Colquitt complains that he did not pursue the "switched" telephone number (Objections, ECF No. 137, PageID 1529-30).  It is evident from the dialogue between Colquitt and Farmer which is reported in the Objections that Mr. Farmer regarded this as an immaterial detail and therefore a potential distraction.  Colquitt has not shown this was not sound trial strategy.

Colquitt's second complaint regarding Mr. Farmer is that "[h]e never challenged the credibility of any of the witnesses."  (Objections, ECF No. 137, PageID 1530.)  But Colquitt offers no "ammunition" Mr. Farmer could have used, no way in which witness credibility could have been further attacked.

Colquitt complains of and attaches several letters from Mr. Farmer that he calls "unprofessional."  The Magistrate Judge disagrees with that characterization.  The letters express Mr. Farmer's evident frustration with Mr. Colquitt's fixation on irrelevant or immaterial details.  A good lawyer will always try to get a client to see the forest instead of focusing on the trees and that is what it appears Mr. Farmer was doing here.  Certainly nothing in this correspondence proves ineffective assistance of trial counsel.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Motion to Vacate be dismissed with prejudice.  Because reasonable

jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).