IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff,

v. : Case Nos. 3:09-cr-109, 3:16-cv-76

PIERRE COLQUITT, : JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #133) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #139); OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOCS. ##137 AND 140); OVERRULING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DOC. #131); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; CASE TO REMAIN TERMINATED ON DOCKET

---

Following a bench trial, Defendant Pierre Colquitt was convicted on charges of conspiracy to distribute and possess with intent to distribute heroin, possession of weapons in furtherance of a drug trafficking crime, and two counts of distribution of heroin within 1000 feet of a school. On August 27, 2013, he was sentenced to 132 months in prison. Doc. #107. The Sixth Circuit Court of Appeals affirmed the judgment, and the Supreme Court of the United States denied Colquitt's petition for a writ of certiorari.

On March 4, 2016, Colquitt filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, asserting four grounds for relief. Doc. #131. United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #133, recommending that the motion be denied in its entirety. Colquitt filed Objections. Doc. #137. On recommittal, Magistrate Judge Merz issued a Supplemental Report and Recommendations, Doc. #139, again recommending that the motion be denied. Colquitt then filed Objections to the Supplemental Report and Recommendations. Doc. #140.

The district court must review *de novo* those portions of a Report and Recommendations to which timely objections are made. The court may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b).

The majority of Colquitt's claims revolve around a controlled buy that allegedly took place on May 27, 2009, just two days before the search warrant was issued. Detective Keri Frasco's search warrant affidavit states that, on May 27, 2009, a confidential informant was able to purchase heroin from Latorya Bibbs at 826 West Pleasant Street, in Springfield, Ohio. Gov't Ex. 2.1. Bibbs was Colquitt's girlfriend and alleged co-conspirator. Frasco's May 27, 2009, Buy Report indicates that "[t]he CI made a recorded phone call to the target at (937) 450-6405 who told the CI to meet him at 826 W. Pleasant St.." Def. Ex. B.

Colquitt maintains that this was Bibbs' cell phone number, and that it would have been impossible for the confidential informant to use that phone number to

2

arrange for a buy on May 27, 2009, because service to her phone had been disconnected earlier that week. He further argues that the Government tried to cover this up, both at the hearing on his motion to suppress and at trial, and that his attorneys did nothing in response.

As a preliminary matter, the Court notes that the *search warrant affidavit* does not state that the confidential informant made *any* phone calls on May 27, 2009. It merely states that, on that date, the confidential informant "was able to purchase heroin from Latorya Bibbs. The CI was seen going inside the residence at 826 Pleasant Street and proceeded to meet with Bibbs and purchase heroin, less than 1 gram." Gov't Ex. 2.1. The Court also notes that, at trial, the Government elected not to introduce any evidence of the buy that allegedly occurred on that date. Rather, the Government's case focused on earlier drug trafficking activity. With this in mind, the Court turns to Mr. Colquitt's claims for relief.

*Claim I: Malicious Prosecution*

Magistrate Judge Merz recommended that Claim I, alleging malicious prosecution, be dismissed because it fails to state a constitutional violation, a point which Colquitt has now conceded. Based on the reasoning and citations of authority set forth by Magistrate Judge Merz, the Court dismisses Claim I with prejudice.

*Claim II: Prosecutorial Misconduct*

In Claim II, Colquitt alleges that, after the Government learned that Bibbs' cell phone was inoperable on May 27, 2009, it engaged in prosecutorial misconduct by switching his cell phone number in the record with Ms. Bibbs' cell phone number.

Magistrate Judge Merz noted that the undersigned concluded that the Government's failure to turn over this allegedly exculpatory evidence did not constitute a *Brady* violation. Doc. #95. He also found that the prosecutorial misconduct claim was procedurally defaulted, given that Colquitt failed to raise it on direct appeal.

In response, Colquitt noted that procedural defaults can be excused by ineffective assistance of counsel. Magistrate Judge Merz conceded as much, but noted that Colquitt failed to present any argument that failure to raise the claim on direct appeal constituted ineffective assistance of appellate counsel. In his Objections to the Supplemental Report and Recommendations, Colquitt re-hashes the merits of the prosecutorial misconduct claim, but fails to address the question of procedural default. Accordingly, the Court overrules Colquitt's Objections, and dismisses Claim II with prejudice.

*Claim III: Fourth Amendment Violation*

In Claim III, Colquitt alleges that his Fourth Amendment rights were violated because the search warrant affidavit at issue contained falsehoods concerning his

4

criminal history, and the controlled buys that allegedly took place on April 22, 2009, and May 27, 2009. Magistrate Judge Merz found that this claim was barred from reconsideration by the doctrine of *res judicata*, given the Court's order denying Colquitt's motion to suppress evidence, Doc. #36. In addition, he concluded that, because Colquitt was already given a full and fair opportunity to litigate this issue, the claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976).

Citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986), Colquitt argues that the *Stone* rule does not apply to Sixth Amendment claims of ineffective assistance of counsel. As Magistrate Judge Merz correctly notes, however, Claim III is presented, not as a Sixth Amendment ineffective assistance of counsel claim, but as a Fourth Amendment claim.

In his Objections to the Supplemental Report and Recommendations, Colquitt explains in greater detail why he believes his attorneys were ineffective and how their deficient performance allegedly prejudiced him in violation of his Sixth Amendment right to counsel. Nevertheless, he fails to present any viable argument why his Fourth Amendment claim is not barred by *res judicata* and by *Stone v. Powell*. The Court therefore overrules Colquitt's Objections and dismisses Claim III with prejudice.

### *Claim IV: Fifth and Sixth Amendment Violations*

In Claim IV, Colquitt alleges that his Fifth Amendment due process rights were violated when the Government replaced Ms. Bibbs' cell phone number with

his in the record, to cover up the alleged error in Detective Frasco's May 27, 2009, Buy Report. He also alleges that his Sixth Amendment right to effective assistance of counsel was violated when his attorneys failed to object to this conduct, both at the hearing on his motion to suppress and at trial.

With respect to the Fifth Amendment due process claim, Magistrate Judge Merz noted that this Court already rejected Colquitt's alleged *Brady* violation with respect to evidence of the inoperable status of Ms. Bibbs' cell phone on May 27, 2009. The Court held that, not only did Colquitt already possess that information but, given that the Government did not rely on the May 27th controlled buy in proving any of the charges, or in calculating drug quantity, suppression of the evidence in question was not material to guilt or punishment.

In response, Colquitt simply refers the Court to his Objections with respect to Claim II. The Court overrules these Objections for the reasons discussed in connection with Claim II, and dismisses the Fifth Amendment violation alleged in Claim IV with prejudice.

Magistrate Judge Merz noted that Colquitt's Sixth Amendment claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed, Colquitt must show constitutionally deficient performance of counsel, and resulting prejudice. Magistrate Judge Merz concluded that the Court's ruling on the *Brady* claim precluded any finding of prejudice. If the evidence at issue was not material to guilt or punishment, counsels' failure to object to the alleged wrongdoing could not have resulted in any prejudice. He also noted that, because the May 27,

6

2009, phone call was not referenced in the search warrant affidavit, it would have been inappropriate for counsel to raise an objection at the suppression hearing.

In his Objections, Colquitt first argues that counsel's performance at the suppression hearing was constitutionally deficient. Prior to the hearing, he told his attorney that, because Bibbs' phone was disconnected on May 25, 2009, the confidential informant could not have called that number to arrange a buy on May 27, 2009. His attorney, however, did not subpoena the phone records, or ask the Government for the recording of the alleged phone call. Nor did she raise an objection at the suppression hearing.

The Court finds that Colquitt has not overcome the "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The suppression hearing focused on the truthfulness of the allegations in the search warrant affidavit. That affidavit simply states that the confidential informant was able to buy heroin from Bibbs on May 27, 2009. He was seen going into the house at 826 West Pleasant Street and he purchased heroin from Bibbs. He then exited the house and gave the heroin to Detective Frasco. Gov't Ex. 2.1.

Given that the search warrant affidavit does not indicate how this controlled buy was set up, let alone which *phone number* was used, it cannot be said that counsel's failure to subpoena the phone records, ask for a recording of the phone call referred to in Detective Frasco's Buy Report, or raise objections at the suppression hearing was constitutionally deficient. The Buy Report was not

7

presented to the judge who issued the search warrant, and the phone call at issue played no part in his probable cause determination. Accordingly, as Magistrate Judge Merz noted, there was no reason for counsel to raise an objection at the suppression hearing.

The Court also rejects Colquitt's claim of prejudice. Colquitt notes that, in rejecting his claim that the search warrant application was based on stale information, the Court relied on the May 27, 2009, controlled buy. It held that this transaction corroborated otherwise stale information, and established probable cause to believe that evidence of contraband would still be found at that location. *See* Doc. #36, PageID##188-89.[1] Colquitt maintains that, if counsel had presented evidence that it was impossible for the confidential informant to have set up the May 27, 2009, buy as alleged in the Buy Report, there is a reasonable probability that the Court would have granted the motion to suppress. The Court disagrees.

Evidence that the phone number recorded in the Buy Report was incorrect may have cast *some* doubt on Detective Frasco's credibility or the credibility of the confidential informant, with respect to the details of how the May 27, 2009, transaction came into being. Nevertheless, under the circumstances presented here, such evidence is insufficient to undermine the credibility of Detective Frasco's statement that a drug transaction did, in fact, occur at 826 West Pleasant

---

[1] The Sixth Circuit affirmed the Court's order denying the motion to suppress evidence. Doc. #127, PageID#1473-74.

Street on that date, and that the drugs that were purchased there tested positive for heroin. The Court notes that the confidential informant had been reliable in the past, and there was other evidence of ongoing drug trafficking activity at this property. Accordingly, even if counsel had presented evidence that the Buy Report contained an incorrect phone number, the Court would have found that the totality of the circumstances established probable cause to believe that contraband would be found at this property. For these reasons, the Court rejects Colquitt's Sixth Amendment ineffective assistance of counsel claim with respect to the suppression hearing.

Colquitt has raised a very similar Sixth Amendment ineffective assistance of counsel claim with respect to a different attorney who represented him at trial. Again, he argues that this attorney should have done more to investigate the phone number recorded in Detective Frasco's May 27, 2009, Buy Report, and should have subpoenaed the phone records and asked for a recording of alleged phone call. He further argues that his attorney should have used this information to challenge the credibility of Detective Frasco and the confidential informant.

Magistrate Judge Merz found that it was evident from the record that the attorney was frustrated with Colquitt's fixation on the issue of the phone records, which the attorney viewed as irrelevant and immaterial. He concluded that Colquitt had failed to show that it was not sound trial strategy to disregard this argument. The Court agrees, particularly given the fact that the Government elected not to introduce *any* evidence of the alleged May 27, 2009, controlled buy

9

at trial.  For similar reasons, the Court rejects Colquitt's claim that his attorney's closing argument fell below a constitutionally acceptable standard.  An attorney's performance is not deficient simply because he fails to raise all of the points that his client asks him to raise.

Not only has Colquitt failed to prove that counsel's performance was deficient, he has also failed to prove that, but for the alleged errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.  The Court acknowledges that evidence concerning the phone number recorded in Detective Frasco's Buy Report might have been used to impeach her credibility or that of the confidential informant.  Nevertheless, given the wealth of other evidence presented at the trial, including the testimony of Ms. Bibbs, Colquitt's drug suppliers and customers, and law enforcement personnel, it cannot be said that there is a reasonable probability that Colquitt would have been acquitted but for counsel's alleged shortcomings.  Accordingly, the Court rejects Colquitt's Sixth Amendment ineffective assistance of trial counsel claim.

For the reasons set forth above, the Court ADOPTS Magistrate Judge Merz's Report and Recommendations (Doc. #133), and Supplemental Report and Recommendations (Doc. #139), and OVERRULES Defendant's Objections Thereto (Docs. ##137 and 140). Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. #131) is OVERRULED and DISMISSED WITH PREJUDICE.

10

Given that Defendant has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Defendant is denied a certificate of appealability, and denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Plaintiff and against Defendant.

The captioned case shall remain terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 24, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE