# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:09-cr-109

                                       District Judge Walter Herbert Rice
- vs -                              Magistrate Judge Michael R. Merz

PIERRE COLQUITT,

                Defendant.    :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This action pursuant to 28 U.S.C. § 2255 is before the Court on Defendant's Motion for Reconsideration (ECF No. 150). The Motion was filed in time to be considered under Fed. R. Civ. P. 59(e).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

1

> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See* ACandS, 5 F.3d at 1263; Javetz v. Board of Control, Grand Valley State Univ. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). A district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52, quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

> The purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the nonapplicability of second-or-successive limitations. The ten-day limit of Rule 59(e)... applies to an inherent power that a district court has even prior to the entry of judgment. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). That power is "distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered." *Id.* Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because a Rule 59(e) motion only "operates to suspend the finality of the [district] court's judgment," *Miltimore Sales, Inc.*, 412 F.3d at 688 (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978)), it is not a collateral action.

> Conversely, a Rule 60(b) motion filed more than ten days after entry of final judgment does not toll the deadline for appeals, and thus does not prevent a judgment from becoming final. *Stone v. INS,* 514 U.S. 386, 401, 115 S. Ct. 1537, 131 L. Ed. 2d 465 (1995); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).

*Howard v. United States*, 533 F.3d 472, 474-75 (6th Cir. 2008).

Although Mr. Yarbrough makes some interesting efforts at conveying arguments in rap style, he has not shown any mistake of law in the Court's judgment. The Motion for Reconsideration should be DENIED.

November 11, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### 'NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).