# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,       :       Case No. 3:09-cr-109

                                              District Judge Walter Herbert Rice
   -  vs  -                             Magistrate Judge Michael R. Merz

PIERRE COLQUITT,

                Defendant.      :

## REPORT AND RECOMMENDATION TO DENY MOTION FOR RECONSIDERATION AND SANCTION DEFENDANT FOR FRIVOLOUS FILINGS

This case is before the Court on the most recent (ECF No. 165) of a long series of motions for reconsideration (ECF Nos. 144, 147, 148, 150, 155, 159, 161, and 163). These arise out of Mr. Colquitt's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 131). Judge Rice overruled that Motion on October 25, 2016 (ECF No. 149). Mr. Colquitt has never appealed that decision to the Sixth Circuit Court of Appeals. Instead he has filed the above-numbered motions for reconsideration which Judge Rice decided on their merits as to the first two motions (See ECF No. 154, 158). Again, Mr. Colquitt has never appealed from those decisions. Instead, he has continued to file motions for reconsideration which the Magistrate Judge has stricken because they are repetitive and therefore frivolous.

1

In his most recent Motion, he asserts the Court made an error on page two of its denial of his 2255 motion by "misrepresenting" the "buy report." While the second page of the Decision does discuss a buy report, Colquitt says nothing about why it is in error or why he did not appeal if he believed this was a material fact. The Motion should be denied.

The Court has given full and respectful attention to Mr. Colquitt's claims, but his filings have now become harassing. Under Fed. R. Civ. P. 11(c), this Court should order Mr. Colquitt to show cause why his continued filing of motions for reconsideration should not be found to violate Fed. R. Civ. P. 11(b) and why he should not be sanctioned for that conduct by being prohibited from filing further motions for reconsideration. While all litigants deserve the Court's respectful consideration of their claims, frivolous filings take time from the Court's ability to address the merits of other litigants' legitimate claims.

February 2, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

3