# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:09-cr-109

                                             District Judge Walter Herbert Rice
- vs -                                 Magistrate Judge Michael R. Merz

PIERRE COLQUITT,

                Defendant.      :

## REPORT AND RECOMMENDATIONS ON SHOW CAUSE PROFFER

This action pursuant to 28 U.S.C. § 2255 is before the Court on Defendant's Response to Order to Show Cause (ECF No. 171). Mr. Colquitt filed it in response to Judge Rice's Decision and Order of March 9, 2017 (ECF No. 170), which ordered him "to SHOW CAUSE in writing why his conduct does not violate Rule 11 (b), and why he should not be sanctioned under Rule 11 (c) by being prohibited from filing any further motions for reconsideration." *Id.* at PageID 1858.

To summarize the Response, Mr. Colquitt says he has not violated Fed. R. Civ. P. 11 because this Court still has not given the right result with respect to his claim about telephone records at trial. In addition to that he gives many pages of commentary on contemporary music and on various other matters which have no apparent relevance to this case.

1

The Court decided the telephone records issue at trial and fully explained its decision. The issue was briefed and decided with an explanation on appeal. *United States v. Colquitt,* Case No. 13-4051, 2015 U.S. App. LEXIS 4031 (6th Cir. Mar. 11, 2015)(copy at ECF No. 127). Since Mr. Colquitt filed his § 2255 Motion in March 2016, the issue has been reconsidered a number of times and the Court has explained its refusal to change its position.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

To this point in this case, the Court has put aside the general disfavor for reconsideration and granted it to Mr. Colquitt multiple times. Now that process should come to an end.

**Conclusion**

Mr. Colquitt has failed to show good cause why he should not be sanctioned under Fed. R. Civ. P. 11. It is accordingly recommended that he be prohibited from filing further motions for reconsideration in this case.

March 23, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).