# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:09-cr-109

                                      District Judge Walter H. Rice
-  vs  -                                Magistrate Judge Michael R. Merz

PIERRE O. COLQUITT,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on a document labeled by Defendant simply as "The Motion" (ECF No. 194). The document consists of 398 hand-written pages with forty-three pages of exhibits. As a post-judgment motion, it requires a report and recommendations from an assigned Magistrate Judge. 28 U.S.C. § 636(b)(3).

Colquitt asks the Court to construe The Motion liberally, relying on *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Reading The Motion in that light, the Magistrate Judge finds Colquitt may (1) be seeking damages (the figure of $999.9 zillion dollars is repeated throughout), (2) release from prison in the nature of habeas corpus relief, or (3) release from prison upon this Court's reconsideration of its prior judgment denying habeas corpus relief. Conquitt is not entitled to relief on any of these theories.

To the extent The Motion is intended as a complaint for damages, it fails to comply with 28 U.S.C. § 1915A, the Prisoner Litigation Reform Act in that, inter alia, it was not submitted with a filing fee or an application to proceed *in forma pauperis* with an acknowledgement that the entire filing fee must be paid in installments. Moreover, a complaint for damages cannot properly be filed in a terminated criminal case.

To the extent The Motion seeks release from prison in the nature of habeas corpus, it is not accompanied by permission from the Sixth Circuit Court of Appeals to proceed in a second or successive § 2255 application as required by 28 U.S.C. § 2244(b).

To the extent Colquitt is attempting to have this Court reconsider its final decision dismissing his § 2255 Motion by relying on Fed. R. Civ. P. 60(b), The Motion is untimely. Colquitt is reminded that if what he is doing is really seeking reconsideration, he is subject to a $1,000 fine previously imposed by this Court but suspended unless additional motions for reconsideration are filed.

Based on the foregoing analysis, it is respectfully recommended that The Motion be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 28, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).